| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF YORK ) | |
| ) | |
| Jacob D. Smith, ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2006-CP-46-3366 |
| vs. ) | |
| ) | FILED-RECEIVED |
| Fireman's Fund Insurance Co., ) | 2006 DEC 19 AM 11:40 |
| Defendant(s) ) | DAVID HAMILTON |
| | C.C.C.P. & GS |
| | YORK COUNTY, SC |

| (Please Print) | | |
|---|---|---|
| Submitted By: Herbert W. Hamilton | SC Bar #: | 2626 |
| Address: PO Box 10940, Rock Hill, SC 29731 | Telephone #: | 803.329.7672 |
| | Fax #: | 803.329.7678 |
| | Other: | |
| | E-mail: | hhamilton@hmbslaw.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |
| | | | ☐ Other (999) |

| Special/Complex /Other | |
|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) |
| ☐ Other (699) | |

Submitting Party Signature: *Hub Hamilton*   Date: 12/14/2006

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (8/06)                                                                                           Page 1 of 2

**FOR MANDATED ADR COUNTIES ONLY**
Florence, Horry, Lexington, Richland, Greenville and Anderson

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF YORK ) OF THE SIXTEENTH JUDICIAL CIRCUIT

FILED - RECEIVED
2006 DEC 19 AM 11:40
DAVID HAMILTON
C.C.P. & GS
YORK COUNTY, SC

Jacob D. Smith,

      Plaintiffs,

v.

Fireman's Fund Insurance Co.,

      Defendant.

C/A No. 2006-CP-46-3366

**SUMMONS**
(Jury Trial Demanded)

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the undersigned subscriber at HAMILTON MARTENS BALLOU & SIPE, LLC, at Post Office Box 10940, Rock Hill, South Carolina 29731, within thirty (30) days after the service hereof, exclusive of the date of such service; and you are hereby notified that should you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for judgment by default for the relief demanded in the Complaint.

_/s/ Herbert W. Hamilton_
Herbert W. Hamilton
Christi P. Cox
Tracy T. Vann
HAMILTON MARTENS BALLOU & SIPE, LLC
Post Office Box 10940
Rock Hill, South Carolina 29731
Phone: 803/329-7672
Fax: 803/329-7678

ATTORNEYS FOR PLAINTIFF

December 14, 2006

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
                                            ) OF THE SIXTEENTH JUDICIAL CIRCUIT
COUNTY OF YORK          )

FILED - RECEIVED
2006 DEC 19 AM 11: 40
DAVID HAMILTON
C.C.C.P. & GS
YORK COUNTY, SC

Jacob D. Smith,                 ) C/A No. 2006-CP-46-3366
                                       )
              Plaintiffs,     )
                                       )
v.                                   ) **COMPLAINT**
                                     ) (Jury Trial Demanded)
Fireman's Fund Insurance Co.,   )
                                     )
              Defendant.    )
_____)

The Plaintiff, Jacob D. Smith, complaining of the Defendant above-named, alleges:

## PARTIES, JURISDICTION AND VENUE

1. Jacob D. Smith is a citizen and resident of the County of York, South Carolina.

2. The Defendant Fireman's Fund Insurance Company ("Fireman's") is, upon information and belief, a corporation organized and existing under the laws of one of the states of the United States and doing business writing insurance in York County, South Carolina.

3. This court has jurisdiction over the parties and the subject matter of this dispute. Venue is proper in York County.

## FACTS

4. At all times relevant hereto the Plaintiff was President of Smith Enterprises, Inc.("SEI") a South Carolina corporation doing business in York County South Carolina.

5. On or about April 30, 2004, SEI purchased or renewed Fireman's Fund Director's and Officer's Policy No: CPD 000 7640 6875 ("the Policy"). By the terms of the Policy, Fireman's was to provide Director's and Officers liability coverage to officers of SEI, including the Plaintiff, as outlined in the terms of the Policy.

6. SEI paid all premiums due under the Policy up to and including June 28, 2004 and otherwise complied with all terms and conditions of the Policy. Fireman's enjoyed a financial benefit from SEI's payment of premiums under the Policy.

7. By its terms, the Policy provided, "Fireman's will pay on behalf of the Insured all Loss for which the Insured shall be legally obligated to pay resulting from an Employment Practices Claim that is made against the Insured for a Wrongful Act, provided that the Employment Practices Claim is first made during the Policy Period." The Policy defined an Employment Practices Claim, *inter alia*, as "a written or oral demand for compensatory monetary damages."

8. During the Policy term and while the policy was in full force and effect, SEI became insolvent and eventually ceased doing business. Upon information and belief, numerous claims against the corporation were made before SEI closed and during the policy period including claims by one or more of the corporations officer's and employees.

9. Upon information and belief, Michael E. Urig (hereinafter Urig) made an Employment Practices Claim as defined in the Policy for payment of his 2003 and 2004 bonuses within the Policy term. Urig indicated that he had consulted an attorney and intended to file a lawsuit if the bonus was not paid. Urig specifically threatened to sue Jacob D. Smith, the President of the company, personally.

10. On or about June 28, 2004 the Policy was cancelled by Fireman's for failure to pay the premium. The decision to allow the policy to lapse was made by SEI after consultation with SEI's counsel and accountants. On information and belief, prior to policy termination Fireman's was aware of the financial condition of SEI and knew or should have known of the potential threat of claims which would have included the Urig claim.

11. On August 12, 2004 Urig filed suit against SEI and Jacob D. Smith, personally. The claim against the Plaintiff was based on S.C. Code Ann. 41-10-80, et seq., the South Carolina Payment of Wages Act.

12. The Plaintiff is informed and believes that Urig's claim was covered by the Policy, and was not excluded from coverage by any term or condition of the Policy.

13. Defense of the Urig suit was tendered to Fireman's. On November 30, 2004, Fireman's declined to provide a defense and denied coverage on the ground that the claim was not made during the policy period.

14. On March 1, 2006 Fireman's again denied coverage for the Urig claim but changed the grounds for denial to failure to provide notice of the claim within the policy period.

15. On or about May 26, 2006, Plaintiff settled Urig's claim for One Hundred Fifty Thousand Dollars ($150,000).

16. Demand was made on Fireman's to reimburse the Plaintiff for the cost of defense and the settlement amounts.

17. Upon information and belief, Fireman's continues to deny coverage and has not reimbursed SEI for monies paid to defend and settle the Urig claim.

## FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

18. The allegations of Paragraphs 1 through 17 are incorporated herein by reference as if fully set forth.

19. The Policy constituted a valid and binding contract between SEI and the defendants.

20. SEI paid all premiums due under the Policy up to and including June 28, 2004 and otherwise substantially complied with terms and conditions of the Policy.

21. The defendants breached the terms of the Policy by failing to pay a covered claim made under the Policy.

22. By reason of the defendants' breach, Plaintiff's have suffered actual and consequential damages in such amounts as shall be proven at trial.

## FOR A SECOND CAUSE OF ACTION

### (Bad Faith Refusal to Pay Insurance Benefits)

23. The allegations of Paragraphs 1 through 21 are incorporated herein by reference as if fully set forth.

24. The refusal of the Defendant to defend the lawsuit brought by Urig against the Plaintiff and the Defendant's refusal to participate in or reimburse the Plaintiff for the costs of defense and settlement was the result of the Defendant's bad faith or unreasonable action in breach of the implied covenant of good faith and fair dealing arising out of the contract of insurance.

25. By reason of the Defendant's bad faith and/or unreasonable refusal to pay, the Plaintiff has incurred damages including defense costs, attorney fees and settlement costs.

26. The Plaintiff is informed and believes that he is entitled to recover direct, consequential and punitive damages as a result of the Defendant's tortious failure to defend the Urig lawsuit and reimburse the Plaintiff for amounts paid in settlement.

## FOR A THIRD CAUSE OF ACTION

### (Statutory Liability Against Fireman's – S.C. Code Ann. § 38-59-40)

27. The allegations of Paragraphs 1 through 25 are incorporated herein by reference as if fully set forth.

28. Fireman's failed and refused to pay SEI's claim for benefits within ninety (90) days following SEI's demand for payment.

29. Fireman's failure and refusal to pay benefits was without reasonable cause or in bad faith.

30. By reason of the foregoing, Plaintiff's are entitled to recover, in addition to any sum or amount otherwise recoverable, an additional sum for its attorney's fees incurred in the prosecution of this case against the defendants.

WHEREFORE, Plaintiffs prays for judgment in his favor on all causes of action, for such damages, including actual, consequential and punitive damages as may be proven at trial, and for an award of attorney's fees pursuant to S.C. Code Ann. § 38-59-40 and for such other relief as the Court deems proper.

_____
Herbert W. Hamilton
Christi P. Cox
Tracy T. Vann
HAMILTON MARTENS BALLOU & SIPE, LLC
Post Office Box 10940
Rock Hill, South Carolina 29731
803/329-7672

ATTORNEYS FOR PLAINTIFF

December 14, 2006